```
1  WING C. LEE, ESQ.   (SBN 111803)
   LAW OFFICES OF WING C. LEE
2  275 - 6th Avenue, Suite 102
   San Francisco, California  94118
3  Phone: (415) 831-8816
   Fax:   (415) 831-8813
4

5  Attorney for Defendant
   LUM REVOCABLE TRUST
6
```

UNITED STATES OF DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GEARY STREET BELLA PIZZA; LUM REVOCABLE TRUST; TANG JOHN LEE and NGO PHUONG YEN, individuals dba GEARY STREET BELLA PIZZA,<br><br>Defendants. | Case No.: CV 08 2164 JL<br><br>**ANSWER TO COMPLAINT; FIRST AFFIRMATIVE DEFENSE TO NINTH AFFIMATIVE DEFENSE**<br><br><br>**Department: 15th Floor, Court Room F**<br>**Trial Date: None** |

**ANSWER TO COMPLAINT**

Defendant Lum Revocable Trust answers the unverified complaint of plaintiffs by making a general denial of each and every material allegation of the complaint and of each and every cause of action contained therein, and by denying that plaintiffs are entitled to the injunctive, declaratory and monetary relief sought therein.

**AFFIRMATIVE DEFENSES TO COMPLAINT**

Without admitting any of the allegations set forth in the complaint, Defendant Lum Revocable Trust alleges as follows:

**FIRST AFFIRMATIVE DEFENSE [To 1st CAUSE OF ACTION: 42 U.S.C. §12101, *et seq.*]**

42 U.S.C. §12182(b)(2)(a)(iv) provides:

"A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable."

Based on information and belief available to Defendant Lum Revocable Trust, Defendant Lum Revocable Trust alleges that such removal pursuant to 42 U.S.C. 12182(b)(2)(a)(iv) is <u>not</u> readily achievable.

**SECOND AFFIRMATIVE DEFENSE [To 1st CAUSE OF ACTION: 42 U.S.C. §12101, *et seq.*]**

42 U.S.C. §12182(b)(2)(a)(v) provides:

"Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

Based on information and belief available to Defendant Lum Revocable Trust, Defendant Lum Revocable Trust alleges that such [alternative] methods pursuant to 42 U.S.C. §12182(b)(2)(a)(v) are <u>not</u> readily achievable.

**THIRD AFFIRMATIVE DEFENSE [To 2nd CAUSE OF ACTION: California Civil Code §§54, §54.1 & §54.3]**

California Civil Code §54(c) further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54:

"A violation of the right of an individual under the American with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

California Civil Code §54.1(d) further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

"A violation of the right of an individual under the American with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act."

California Civil Code §54.3(a) further provides that:

"Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Section 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by the jury, or the court …"

42 U.S.C. §12182(b)(2)(a)(iv) provides:

"A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable."

Based on information and belief available to Defendant Lum Revocable Trust, Defendant Lum Revocable Trust alleges that such removal pursuant to 42 U.S.C. 12182(b)(2)(a)(iv) is <u>not</u> readily achievable.

**FOURTH AFFIRMATIVE DEFENSE [To 2nd CAUSE OF ACTION: California Civil Code §§54, §54.1 & §54.3]**

California Civil Code §54(c) further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54:

"A violation of the right of an individual under the American with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

California Civil Code §54.1(d) further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

"A violation of the right of an individual under the American with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act."

California Civil Code §54.3(a) further provides that:

"Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Section 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by the jury, or the court …"

42 U.S.C. §12182(b)(2)(a)(v) provides:

-3-

ANSWER TO COMPLAINT; FIRST AFFIRMATIVE DEFENSE TO NINTH AFFIRMATIVE DEFENSE

1  "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily
2  achievable, a failure to make such goods, services, facilities, privileges, advantages, or
3  accommodations available through alternative methods if such methods are readily achievable."
4  Based on information and belief available to Defendant Lum Revocable Trust, Defendant
5  Lum Revocable Trust alleges that such [alternative] methods pursuant to 42 U.S.C.
6  §12182(b)(2)(a)(v) are <u>not</u> readily achievable.
7  **FIFTH AFFIRMATIVE DEFENSE [To 3rd CAUSE OF ACTION: California Health & Safety
8  Code §19955, *et seq.*]**
9  California Health and Safety Code §19955(a) provides:
10  "Any new requirements imposed by the amendments to this section enacted by the legislature
11  at its 1973-74 Regular Session shall only apply to public accommodations or facilities constructed on
12  or after the effective date of the amendments."
13  Based on information and belief available to Defendant Lum Revocable Trust, Defendant
14  Lum Revocable Trust alleges that it has not constructed any accommodations or facilities since its
15  original construction prior to 1973-1974.
16  **SIXTH AFFIRMATIVE DEFENSE [To 3rd CAUSE OF ACTION: California Health & Safety
17  Code §19955, *et seq.*]**
18  California Health and Safety Code §19957 provides:
19  "In cases of practical difficulty, unnecessary hardship, or extreme differences, a building
20  department responsible for the enforcement of this part may grant exceptions from the literal
21  requirements of the standards and specifications required by this part or permit the use of other
22  methods or materials, but only when it is clearly evident that equivalent facilitation and protection
23  thereby secured.
24  Based on information and belief available to Defendant Lum Revocable Trust, Defendant
25  Lum Revocable Trust alleges that it should be granted exceptions from the literal requirements of the
26  law due to practical difficulty, unnecessary hardship, or extreme differences.
27  **SEVENTH AFFIRMATIVE DEFENSE [To 3rd CAUSE OF ACTION: California Health &
28  Safety Code §19955, *et seq.*]**

1. California Health and Safety Code §19959 provides:

"Every existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation. This requirement shall only apply to the area of specific alteration, structural repair or addition and shall not be construed to mean that the entire building or facility is subject to this chapter."

Based on information and belief available to Defendant Lum Revocable Trust, Defendant Lum Revocable Trust alleges that it has not made any alterations, structural repairs or additions to its building and facility, and even if it did, the requirements shall be specific and not applicable to the entire building or facility.

**EIGHTH AFFIRMATIVE DEFENSE [To 4th CAUSE OF ACTION: California Civil Code §51, *et seq.*]**

Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "a violation of the right of an individual under the American with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section"

Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

42 U.S.C. §12182(b)(2)(a)(iv) provides:

"A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable."

Based on information and belief available to Defendant Lum Revocable Trust, Defendant Lum Revocable Trust alleges that such removal pursuant to 42 U.S.C. 12182(b)(2)(a)(iv) is <u>not</u> readily achievable.

**NINTH AFFIRMATIVE DEFENSE [To 4th CAUSE OF ACTION: California Civil Code §51, *et seq.*]**

Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "a violation of the right of an individual under the American with Disabilities Act of 1990 (Public Law 101-336)

1 | also constitutes a violation of this section"

2 | Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

42 U.S.C. §12182(b)(2)(a)(v) provides:

"Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

Based on information and belief available to Defendant Lum Revocable Trust, Defendant Lum Revocable Trust alleges that such [alternative] methods pursuant to 42 U.S.C. §12182(b)(2)(a)(v) are not readily achievable.

WHEREFORE, Defendant Lum Revocable Trust pray for judgment as follows:

1. For a judgment and order the Defendants are not liable to Plaintiffs on any cause of action alleged in the Complaint and that plaintiffs are not entitled to any relief by virtue of any of the causes of action alleged therein;

2. Attorneys' fees and costs incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

Dated: July 21, 2008

LAW OFFICES OF WING C. LEE

By: _____
Wing C. Lee, Esq.
Attorneys for defendant
LUM REVOCABLE TRUST

ANSWER TO COMPLAINT; FIRST AFFIRMATIVE DEFENSE TO NINTH AFFIRMATIVE DEFENSE